2001 OK 62

**BROKEN ARROW NURSING HOME et al., Petitioner (Employer),**

v.

**Antionette RUFF, Respondent (Claimant).**

No. 91,480.

Supreme Court of Oklahoma.

July 2, 2001.

*ORDER ON CERTIORARI*

¶ 1 On consideration of the claimant's petition for certiorari and of other pertinent paperwork, a part of the opinion by the Court of Civil Appeals' [COCA], Division III, is vacated; the three-judge panel's order (adopting the trial judge's award) is vacated *in toto;* and the claim is remanded for further proceedings to be consistent with this court's order. The court *finds, concludes and holds:*

(1) Insofar as the COCA opinion herein directs, in its final sentence, that the Workers' Compensation Court is instructed "to enter judgment for Employer" (in accordance with Dr. G's report) (COCA opinion, ¶ 14), the COCA disposition of this claim is clearly in discord with the teachings of *Gaines v. Sun Refinery and Marketing,* 1990 OK 33, ¶¶ 22–25, 790 P.2d 1073, 1080–81 and *Glaspey v. Dickerson,* 1960 OK 78, ¶¶ 16, 17, 350 P.2d 939, 943–44. The employer may not take advantage of the claimant's medical report's failure. Rather, the claim must be remanded for its reconsideration with directions that the claimant be afforded an opportunity to rehabilitate her flawed report.

17. Cf. *Holden, supra* note 5 at ¶ 8, at 37.

(2) Neither *Glaspey* nor *Gaines* stands overruled. Their precedential force remains effective. Although the latter authority was later disapproved, *Davis v. B.F. Goodrich*, 1992 OK 14, ¶ 23, 826 P.2d 587, 592, its disapproval dealt with a part that is unaffected by this cause. In *Gaines* we held that, after the date of its mandate (May 4, 1990), appellate courts, when condemning flawed evidence, will not direct that the claim be disposed of on the admitted adversary's proof but instead will remand the claim for a new hearing that will afford another opportunity to the party whose evidence was pronounced to be flawed.

(3) The claimant is clearly entitled to another hearing (before the trial tribunal) of her claim and to an opportunity to replace the flawed report with one that is admissible and has probative value.

¶ 2 DONE BY THE ORDER OF THE SUPREME COURT IN CONFERENCE THIS 2nd DAY OF JULY, 2001.

¶ 3 WATT, V.C.J., LAVENDER, OPALA, KAUGER, SUMMERS, BOUDREAU and WINCHESTER, JJ., concur.

¶ 4 HARGRAVE, C.J. and HODGES, J., dissent.